IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**MAHMOOD UL-HASSAN,**

      **Petitioner,**

v.                                                    Case No. 1:16-cv-10996

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 4). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM

The petitioner is a federal inmate who, at the time he filed the instant petition, was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia. The petition challenges an institutional disciplinary action taken against him at USP Big Sandy, in Inez, Kentucky, for "Possession of a Weapon." Following a hearing before a Disciplinary Hearing Officer ("DHO"), the petitioner was found guilty of the charge and sanctioned with the disallowance of 41 days of good conduct time ("GCT"), 30 days of disciplinary segregation, time suspended for 180 days pending clear conduct, four months of loss of commissary and telephone privileges, and a fine of $200 or 75% of funds in his

trust fund account. The instant petition asserts that these disciplinary proceedings violated his due process rights because he was not permitted to have his requested staff representative present at the hearing and there was insufficient evidence to demonstrate that he committed the prohibited act. The petitioner seeks to have his incident report expunged, his GCT reinstated, and reimbursement of the fine he paid.

On September 12, 2017, the undersigned issued an Order to Show Cause, directing the respondent to file a response to the petitioner's section 2241 petition. (ECF No. 7). On October 30, 2017, the respondent, by counsel, filed a "Memorandum in Support of Motion to Dismiss or, in the alternative, for Summary Judgment" (hereinafter "the respondent's Response"). (ECF No. 10). The petitioner filed a reply brief on November 20, 2017. (ECF No. 11). This matter is ripe for adjudication.

## **ANALYSIS**

The respondent's Response addresses the Bureau of Prisons' ("BOP") rules for inmate discipline, which are found in 28 C.F.R. Part 541 *et seq*. According to these rules, where a staff member believes an inmate has violated a BOP regulation, the staff member prepares an incident report and provides the inmate with a written copy of the charges against him, normally within 24 hours of when staff becomes aware of the alleged violation. *See* 28 C.F.R. § 541.5(a). Thereafter, an investigating officer is assigned to inform the inmate of the charges and take a statement from the inmate. An inmate is advised that he has a right to remain silent, but that an adverse inference may be drawn from his silence, which may, alone, be used to support a finding that he committed the prohibited act. *Id.*, § 541.5(b).

Next, a Unit Disciplinary Committee ("UDC") will review the incident report, usually within five days of its issuance. The inmate is permitted to appear and make a

statement and present documentary evidence before the UDC either in person or electronically, except during the UDC's deliberations, or if institutional security would be jeopardized by his presence. *Id.*, §§ 541.7(c), (d), and (e). The UDC then makes a decision based upon at least some evidence, and if there is conflicting evidence, based upon the greater weight thereof. *Id.*, § 541.7(e).

The UDC may determine whether or not the inmate committed the prohibited act as charged or refer the case to a Disciplinary Hearing Officer ("DHO") for further proceedings. *Id.*, § 541.7(a)(1)-(H). When charges are referred to the DHO, the UDC advises the inmate of the rights afforded to him at the DHO hearing. *Id.*, § 541.7(g). An inmate may request to have a staff representative and/or witnesses at the DHO hearing. *Id.*, § 541.8. At the hearing, the inmate may make a statement, present documentary evidence, and present witnesses on his behalf, subject to institutional security issues. *Id.*, § 541.8(f).

The DHO considers all evidence presented at the hearing and determines whether or not the inmate committed the infraction, or whether further investigation is needed. *Id.*, § 541.8(a). The DHO prepares a record of the proceedings, which need not be verbatim. The record documents the advisement of the inmate's rights, the DHO's decision, the evidence relied upon in making the decision, and the reasons for the sanctions imposed. *Id.*, § 541.8(h).

According to the respondent's Response, on November 5, 2014, while housed at USP Big Sandy, the petitioner received an incident report charging him with a violation of Prohibited Act Code 104, "Possession or Manufacture of a Weapon." (ECF No. 10 at

36-38).[1] The report stated that, on November 5, 2014, officers conducted a search of the petitioner's cell (where he was then the sole occupant) and located a 6-inch homemade aluminum weapon wedged between the wall and the locker closest to the window. (*Id.*, § 11). The petitioner denied having the weapon. (*Id.*, § 17).

On November 6, 2014, the Unit Disciplinary Committee ("UDC") reviewed the charge and referred it for a hearing before a Disciplinary Hearing Officer ("DHO"). (*Id.*, § 19). The petitioner was provided with a Notice of Disciplinary Hearing Before the DHO that same day and was advised of his rights. (ECF No. 10 at 34-35 and 37, §§ 23, 25). The petitioner did not request that any witnesses be made available for the hearing, but the form indicates that he initially requested to have a staff representative (CCC Lockwood) at the hearing. (*Id.* at 34).

The DHO hearing was held on November 17, 2014. (*Id.* at 31). At the hearing, the petitioner was advised of his rights, and he acknowledged that he understood those rights. (*Id.*) The petitioner's Reply asserts that he requested the assistance of a staff member, J. Adkins,[2] who was unable to attend. (ECF No. 11 at 2). The petitioner further contends that the Warden and prison staff improperly failed to appoint another staff representative. (*Id.*) However, the petitioner further acknowledges that he was offered the option to continue the hearing so that Adkins could be present, but the petitioner elected to proceed with the hearing because he did not want to spend additional time in the Special Housing Unit ("SHU") awaiting a continued hearing. (*Id.* 2-3). Additionally,

---

[1] Although the respondent's Response cites to the exhibits as Attachments A-F to Exhibit 1 (Affidavit of James Lott, Disciplinary Hearing Officer at USP Big Sandy), the attachments are not separated after Attachment C and further appear to be in a different order than as enumerated in the Response and the Affidavit. Accordingly, the undersigned has cited to the documents based upon the pagination in the ECF filing (*i.e.*, ECF No. 10 at 1-39).

[2] The undersigned notes that this is not the same name of the staff member listed in the section of the Notice of DHO Hearing requesting a staff representative. (ECF No. 10 at 34).

4

the Notice of DHO Hearing and the DHO Hearing Report reflect that the petitioner ultimately waived his right to a staff representative. (ECF No. 10 at 31, Part II and 34).

The petitioner further elected to remain silent during the disciplinary hearing and presented no evidence. (ECF No. 10 at 31-32, Part III). Based upon the petitioner's silence, the statement of the reporting officer contained in the incident report, the photographic evidence, and the chain of custody log, the DHO found that the greater weight of the evidence demonstrated that petitioner committed the prohibited act and, thus, violated code 104. (*Id.* at 32, Parts IV and V).

The DHO imposed the sanctions set forth *supra*. (*Id.* at 32, Part VI). The DHO documented that the sanctions were appropriate because the petitioner's behavior to possess/manufacture/introduce any type of weapon capable of inflicting serious injury to another person, whether another inmate or staff member, threatened the health, safety, and welfare of all inmates and staff alike. (*Id.* at 32-33, Parts VI and VII). The DHO further stated that this type of behavior had been shown to result in very serious injuries and that such sanctions were necessary to punish the petitioner and encourage him to abide by institutional rules in the future. (*Id.*)

The petitioner was advised of his appeal rights. (*Id.* at 33, Part VIII). The petitioner was provided a copy of the DHO Report on March 26, 2015. (*Id.* at Part IX). Thereafter, he pursued an administrative appeal of the DHO's decision, which was unsuccessful.

The petitioner contends that his Fifth Amendment right to due process was violated during these prison disciplinary proceedings. Prison disciplinary proceedings are not criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore, prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary

5

proceedings that are] due a defendant in . . . [criminal] proceedings." *Id.* When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

*Id.* at 564-571.

In the present case, the undersigned finds that the petitioner was provided all the process required for an institutional disciplinary proceeding. The record demonstrates that the petitioner received written notice of the charge against him more than twenty-four (24) hours before the hearing before the DHO because he received the revised incident report setting forth the charges on November 5, 2014, and the hearing before the DHO was held on November 17, 2014. Additionally, the petitioner was properly advised of his rights with respect to appearance and presentation of evidence at the proceeding.

The petitioner was afforded the opportunity to have both a staff representative and to call witnesses on his own behalf and was offered the opportunity to present a defense at the hearing, but chose to remain silent. To the extent that the petitioner's requested

staff representative was unavailable at the time, the petitioner was offered a continuance of the hearing, which he declined.

Furthermore, the petitioner was provided with an impartial fact finder during his disciplinary hearings. In accordance with BOP regulations, the DHO did not act as the reporting official, investigating officer, UDC member, or witness and did not play a role in referring the charges. After the disciplinary hearing, the petitioner was provided with a report summarizing the hearing, which included a statement of the evidence upon which the DHO had relied, and the reasons for the petitioner's sanctions.

Moreover, there was sufficient evidence in the record to support the DHO's finding of guilt and the sanctions imposed. In *Superintendent, Mass. Corr. Inst. v. Hill*, the Supreme Court held that the revocation of good conduct time meets minimum due process requirements if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." 472 U.S. 445, 454 (1985). In making this assessment, the federal court does not weigh the credibility of evidence or witnesses. *Id.* at 455-56. So long as there is evidence to support the DHO's determination, it must be upheld by the court.

Thus, there is no basis to find a violation of either the petitioner's procedural or substantive due process rights with respect to these disciplinary proceedings and the resulting sanctions, including the loss of 41 days of GCT. Additionally, to the extent that the petitioner otherwise challenges the imposition of his disciplinary sanctions, the respondent correctly asserts that he has no protected liberty interest in being free from disciplinary segregation or the temporary loss of privileges that do not amount to an atypical and significant hardship in relation to ordinary prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996);

*Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (temporary loss of commissary, recreation, telephone, or other social and rehabilitative activities is not an atypical and significant hardship). (ECF No. 10 at 10).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the instant petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to the petitioner at FCI Allenwood Low, where he is presently incarcerated.

May 7, 2019

Dwane L. Tinsley
United States Magistrate Judge